# Holman v. Kentucky Light and Power Company.

(Decided December 4, 1923.)

## Appeal from Caldwell Circuit Court.

1. Pleading—Construction on Demurrer Against Pleader.—All facts well pleaded in the petition must be taken for true on demurrer, but the pleading as a whole must be construed strongest against the pleader.

2. Contracts—Duties Under Contract to Obtain Franchise.—Where power company agreed to pay plaintiff or his assignor a certain amount, if plaintiff or his assignor should secure a franchise for it before a certain date, or if the power company should have secured one for itself, plaintiff was not entitled to recover, where neither he nor his assignor had made any effort to obtain the franchise before the date specified, though the power company likewise had made no effort to obtain it.

3. Contracts—Consideration Held to have Failed for Agreement to Pay for Obtaining Franchise.—Consideration wholly failed for an agreement of a power company to pay plaintiff or his assignor a certain sum to obtain or assist in obtaining a franchise for the power company before a certain date, where neither plaintiff nor his assignor did anything to bring about the granting of a franchise, and none was granted.

J. ELLIOTT BAKER for appellant.

BRUCE, BULLITT & GORDON and GORDON & LAURENT and JOHN C. GATES, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant, Holman, as assignor and successor of the Princeton Electric Light and Power Company, commenced this action in the Caldwell circuit court to recover $3,000.00 upon the following writing.

"The Princeton Electric Light and Power Company.

"Gentlemen:

"In consideration of the conveyance which you have this day made to the undersigned, Kentucky Light and Power Company, of certain property and franchise formerly belonging to your company, the undersigned, Kentucky Light and Power Company, hereby agrees that if and when at any time on or before, but not after, December first, 1920, your company shall have secured for the

undersigned company, or the undersigned company shall have secured for itself, a legal and binding twenty-year franchise for the operation of an electric light plant and electric distributing system in the city of Princeton, Kentucky, equal in terms of your present franchise, or such as the undersigned will accept, the undersigned company will pay to your company the sum of three thousand ($3,000.00) dollars in cash.

"Dated August twenty-second, 1918.

"KENTUCKY LIGHT AND POWER COMPANY.
By OHEKEVE FOSTER, Vice President."

A general demurrer was sustained to the petition as amended, and upon appellant's failure to further plead his cause was dismissed and he appeals, insisting that the averments of his petition are sufficient to constitute a cause of action in his favor. The petition and amendments in substance aver that in 1916 the Princeton Electric Light and Power Company, a corporation, sold and transferred its electric plant situated in Princeton, to the Kentucky Light & Power Company for the consideration of $48,000.00, all of which has been paid except that which is due under the foregoing writing; that the company has failed and refused to pay the $3,000.00 represented by the writing; that appellant Holman is the sole owner of the writing and entitled to the benefits thereof; that at the time of the sale of the plant to the appellee company said company employed appellant Holman to manage and operate its plant for it, and it was agreed between plaintiff and the defendant that the plaintiff should assist the defendant in procuring a franchise from said city (Princeton), but that the said W. J. Holman's connection with the defendant was severed long before the expiration of the old franchise and that the defendant wrongfully, fraudulently and purposely failed and refused to apply for or make any effort to procure a franchise prior to the first day of December, 1920, and has since said date persistently and continuously and for the purpose of defrauding the plaintiff out of the said sum of $3,000.00, failed and refused to accept any franchise from said city that would be fair to said city, or that the said council for said city would grant or sell, and that the president of the defendant company stated to members of the city council who called to see him regarding the securing of the franchise for the de-

fendant that the defendant could not and would not accept any franchise for one or twenty years, or for any number of years, equal in terms of the franchise held by the Princeton Electric Light and Power Company, on the 20th day of August, 1916, and that the defendant is yet refusing to accept a franchise equal in terms of the said former franchise, or any franchise that is reasonable or that the city council will submit to it; that the written statement filed herewith as exhibit "A" was prepared by the defendant and that the language used therein "or such as the undersigned will accept," was embraced therein for the fraudulent purpose of giving defendant a chance to evade the payment of said $3,000.00, by its refusal to accept the franchise that the city of Princeton, Kentucky, could afford to grant it; that this written statement should be construed most strongly against the defendant as it prepared the same, that by reason of the failure of the defendant company to accept a franchise equal to the one which it then had and its refusal to accept such franchise before the maturity of the writing sued on did not operate to defeat plaintiff's right to recover of the defendant the sum of $3,000.00; that defendant in an effort to defraud plaintiff failed and refused to make any effort whatever to procure a franchise prior to the 1st of December, 1920, and thereafter refused to accept or endeavor to procure a franchise for twenty years equal in terms to the former franchise. By amendment it is averred that at all times mentioned in the original petition and at the present time there was only one electric light plant or plant generating motor power in the city of Princeton or in Caldwell county, Kentucky; and that there was no plant or wire for the transmission of electric current nearer than twelve miles of the city of Princeton, Kentucky, other than the plant owned by the defendant, and that prior to the first of December, 1920, and at all times since said date the defendant furnished the electric current motor power to the city of Princeton, its residents and citizens, and that defendant did not lose or suffer any loss or damage by reason of the fact that it did not operate its plant under a franchise obtained for it by the plaintiff or his predecessors before the first day of December, 1920; that instead of operating the plant obtained from the Princeton Electric Light and Power Company, as set out in the original petition, at a loss, the defendant increased its rates above that provided in

the franchise under which it operated prior to December 1st, 1920, and actually profited to a considerable extent by not operating its plant under a franchise equal in terms to that held by the Princeton Electric Light and Power Company on the 22nd of August, 1916; that since the filing of the original petition the city of Princeton passed an ordinance directing a sale of a lighting franchise and furnishing motor power to the city and its residents and said franchise being sold at public outcry, the appellee company became the purchaser and is now operating its lighting plant under the said franchise obtained in January, 1921.

All facts well pleaded in the petition must be taken for true upon the demurrer, but the pleading as a whole must be construed strongest against the pleader.

There is no averment in the petition or amended petition showing that the appellant Holman or his predecessor, Princeton Electric Light and Power Company, obtained a franchise from the city of Princeton or attempted to obtain such a franchise for the use and benefit of the appellee company previous to the first day of December, 1920, or at any time.

A careful examination of the writing which is the basis of this action discloses that it was given solely and alone for services to be rendered by appellant Holman and the Princeton Electric Light and Power Company, one or both, in procuring and aiding in procuring for appellee company a renewal of its franchise to operate an electric light and power plant, or a new franchise of equal terms to the old one, and was not executed in consideration of a conveyance of the electric plant by the Princeton Electric Light and Power Company to the Kentucky Light and Power Company. The conveyance had taken place before the execution of the writing sued on and the $3,000.00 proposed to be paid was conditioned upon the appellant and his predecessor, one or both, aiding and assisting the appellee company in procuring a new franchise or an extension of the old one. In so far as the averments of the petition as amended show appellant did nothing whatever to assist in procuring such a franchise for the appellee company; nor did the Princeton Electric Light and Power Company aid or assist in this work, and appellee company obtained no franchise from the city to operate its electric plant in the city until after the expiration of the period fixed in the writing,

hence the appellee company was not obliged to pay appellant the $3,000.00.

In a contract like the one sued on both parties are equally obligated to bring about the event named, and if neither party discharged that obligation neither can complain of the failure of the other in that respect. Appellant was equally obligated with the appellee company to procure the granting of the franchise. The duty rested upon him as assignor and successor to the Princeton Electric Light and Power Company in the same way and manner that it rested upon the appellee company. He failed to meet or perform his duties, and having failed to do so he is in no position to complain of the failure of another similarly bound with him to perform a like duty.

There is another reason equally as potent as the one above assigned why appellant is not, on the averments of his petition, entitled to recover on the writing. It was an executory contract without consideration except the promise of appellant Holman and his predecessor to *obtain* for appellee company or to assist in obtaining, some time in the future, a franchise for appellee company. No other consideration is averred; the writing itself shows clearly that appellant and his predecessor, Princeton Electric Light and Power Company, undertook to render aid and assistance in procuring, or to procure, a franchise for the appellee company. Neither appellant Holman nor his company did anything so far as the record shows to bring about the granting of such a franchise and none was granted. Clearly the consideration failed and appellant is not, for this reason, entitled to recover.

The petition as amended did not state a cause of action in favor of appellant Holman, and the trial court properly sustained the general demurrer thereto.

Judgment affirmed.